Johnson C. J., delivered the opinion of the court. The only question raised by the record in this case, for the consideration and decision of the court, is, whether the saving in the common act of limitations can be so far extended as to embrace the claims of non-resident creditors against the estates of deceased persons. The decision of this question will depend entirely upon the construction which the court may place upon the act of limitations taken in connection with the provision of the administration law relating to the same subject. By the one all persons are permitted to institute their suit upon promissory notes within three years from the time they become due, with an express saving in favor of non-residents, and other classes of persons therein specified, each of whom are entitled to the same space of time after their respective disabilities are removed; and the other sets up a bar to the demands of all without distinction who do not exhibit them Within two years from the date of letters of administration. At the first blush there would seem to-be.a palpable contradiction between' the two acts, and such a manifest discrepancy that they could never be reconciled. The act of limitations was designed to ope-fate upon, and to affect the rights of persons while living,- whilst the other was only intended to protect and quiet the estates of those that are deceased. The plaintiff contends that he was a non-resident at the time of the execution of the promissory notes sued upon, and that he has so continued ever since. This is his replication to the plea of the statute bar' as contained in the law of administration, to which the defendant interposed his demurrer, thereby admitting the facts to be true, but denying their sufficiency in point of law to enable him to recover in the action. The ac!t of the legislature concerning the administration of estates, requiring creditors of any person deceased to make their- claim within two years from the date of letters of administration, otherwise such creditor shall be forever barred, makes no saving whatsoever for any person under any circumstances: and my Lord Coke says, where the legislature have made no exceptions, the judge can make none, and that infants and feme coverts wotild have been barred by the common act of limitations had they not been excepted therein. To give the law the construction contended for by the plaint-tiff, would be to place non-resident creditors on a better footing than the citizens of the State. This we cannot consent to do without the express and positive sanction and requisition of the law itself. 1 It is presumed that no one will seriously insist that infants and married women would not have been barred by the common act of limitations, had they not been excepted therein; and afoi--tiori, would non-residents have shared' a similar fate. The law which requires all administrator to give public notice of his having taken out letters and requiring all persons having claims against the estate to exhibit the same within a certain specified time, is designed for the security and protection of the rights of foreign creditors, and if they elect to sleep upon their rights, after having been duly notified of the necessity of presenting their claims, it is their own fault, and every principle of reason and justice, as well as the law itself, would forever bar them from a recovery. The law of the place where.the contract is made is to govern as to the nature, validity and construction of the contract; but the remedy on such contract is to be pursued according to the law of the place where the suit is brought. A plea of the statute of limitations of the State where a contract is made, is no bar to a suit brought in a foreign tribunal to enforce that contract. But a plea of the statute of limitations of the State where the suit is brought, is a good bar. This is the settled doctrine as recognized by all the courts. We are, therefore, clearly of the opinion that the facts set up in the plaintiff’s replication are insufficient in law to entitle him to a judgment in this case, and that the defendant’s demurrer was rightly sustained. It is therefore ordered and adjudged that the judgment of the circuit court be affirmed with costs.